

**Hazlehurst Law,** EST. 2018

11350 McCormick Road	Executive Plaza II, Suite 705	Hunt Valley, Maryland 21031	Tel. 410.773.9610

August 17, 2023

*Filed Via ECF/CM*
The Honorable Richard D. Bennett
Senior United States District Judge
    for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re:	United States v. Benjamin Lawton
	RDB-22-0097

Dear Judge Bennett:

    I write to respond to the Government's Sentencing Memorandum to address the issues set forth below:

    A.	The Cases Cited By the Government in Regard to Avoiding Unwanted Sentencing Disparities Under 18 U.S.C. § 3553(a)(6) Involve Factors Not Found in Mr. Lawton's Case

    The Government cites numerous cases to support its contention that a 20-year sentence for Mr. Lawton would be "consistent with other cases in the District of Maryland." Government Sentencing Memorandum, p. 15. It includes *United States v. Ryan Oliver*, GLR-20-0431, a case discussed in detail in Mr. Lawton's sentencing letter. As Mr. Lawton noted in his submission to Your Honor, Oliver's conduct was arguably worse than Mr. Lawton's, and his advisory guideline range and criminal history were demonstrably worse. Yet the Government endorsed a 180-month sentence – the same sought by Mr. Lawton – in Oliver's case, which was the term imposed by the Court.

    The other cases cited by the Government that resulted in harsher punishments involved numerous factors that are not present in Mr. Lawton's case. In each of those cases the defendants were convicted after trial and, in at least two of the cases, were subject to far higher advisory guideline ranges than Mr. Lawton. In some instances, the defendants were convicted of additional offenses beyond sex trafficking. As such, these cases are not ones, in the language of 18 U.S.C. § 3553(a)(6), involving "defendants with similar records who have been found guilty of similar conduct."

    In *United States v. Feliciano Diaz-Martinez*, ELH-19-0358, the defendant was convicted after trial. Undersigned counsel is not privy to the presentence report or any sentencing submissions from that case. However, the second superseding indictment shows that the defendant was accused of trafficking more than 25 individuals by force, fraud and coercion in violation of 18 U.S.C. §§ 1591(a), (b)(2) and (c). *United States v. Feliciano Diaz-Martinez*, ELH-19-0358, Second

The Honorable Richard D. Bennett
*United States v. Benjamin Lawton, RDB-22-0097*
page 2

superseding indictment, ECF Document 64, p. 2, ¶ 6. Unlike Mr. Lawton, however, Diaz-Martinez was also charged with and convicted of conspiracy to possess and possess with the intent to distribute fentanyl and heroin. *Id*. at p. 7. He was sentenced to a total term of 324 months (27 years) and 10 years of supervised release. *See United States v. Diaz-Martinez*, ELH-19-0358, JICC, ECF Document 123. Obviously, Mr. Lawton was not charged with or convicted of drug offenses, and he pleaded guilty and accepted responsibility for his conduct instead of proceeding to trial.[1]

In *United States v. Ryan Parks*, TEJ-18-0137, the defendant also denied responsibility for his conduct and proceeded to trial. He was convicted of two counts of sex trafficking of a minor as well as use of interstate facilities to promote an enterprise involving a prostitution offense. *See United States v. Ryan Parks*, TEJ-18-0317, Verdict sheet, ECF Document 128. The Government's supplemental sentencing memorandum (which is open to public view) states that Parks' advisory guidelines range after trial, "as determined in the PSR, is life imprisonment." *See Parks,* TEJ-18-0317, Government's Supplemental Sentencing Memorandum, ECF Document 147, p. 3. This means that, at the very least, Park's offense level had to be 43, regardless of his criminal history category. Despite this advisory guideline range, the court imposed a variance sentence of 240 months and five years of supervised release. *See Parks,* TEJ-18-0317, JICC, ECF Document 161.

*United States v. Kenneth Hart*, PJM-17-0376, provides the starkest difference to Mr. Lawton's case. As was true in *Diaz-Martin* and *Parks*, the defendant in *Hart* proceeded to trial. He was convicted not only of sex trafficking by force, fraud and coercion (and conspiracy to commit that offense) but also drug trafficking and witness tampering. The Government's sentencing memorandum is open to public view. It recounts that the drug conspiracy, in which the defendant was a principal, involved "at least 525 grams of cocaine base and 700 grams of heroin." *United States v. Kenneth Hart*, PJM-17-0376, Government's Sentencing Memorandum, ECF document 176, p. 4. The combined drug weight under the advisory sentencing guidelines drug conversion table was 1,000 to 3,000 kilograms resulting in a base offense level of 30 for the drugs alone. *Id*. In regard to the witness tampering, according to the memorandum, Hart threatened a grand jury witness. *Id.* at p. 24. Hart physically assaulted the witness and threatened to harm her son, saying he would tie the witness to chair and slit her son's throat so she could just watch him "bleed to death." *Id*. at 25. Hart's offense level after trial was 41 and his criminal history category was VI, resulting in an advisory guideline range of 360 months to life imprisonment. The Government requested, and the Court imposed, a variance sentence of 25 years and 20 years of supervised release. *See Hart*, PJM-17-0376, JICC, ECF Document 183.

The *Diaz-Martinez*, *Parks* and *Hart* cases all differ significantly from Mr. Lawton's case. Unlike Mr. Lawton, each of the defendants refused to admit responsibility for their conduct and were convicted after trial. This fact alone had to raise their advisory guideline offense levels. In *Diaz-Martinez* and *Hart*, the defendants were adjudged guilty of substantial crimes in addition to sex trafficking. In *Parks* and *Hart*, the defendants faced advisory guideline factors and ranges that far exceeded those that apply to Mr. Lawton. Mr. Lawton submits that the heightened sentences that each of those defendants received were driven in many respects by these other factors and not their

---

[1] Had Mr. Lawton been convicted at trial and forfeited three points for acceptance of responsibility under USSC § 3E1.1, his advisory guideline range would have risen from 210 to 262 to 292-365 months.

*The Honorable Richard D. Bennett*
*United States v. Benjamin Lawton, RDB-22-0097*
*page 3*

sex trafficking conduct alone. As such, none of these cases fit the description under 18 U.S.C. § 3553(a)(6) of "defendants with similar records who have been found guilty of similar conduct." Because they are dissimilar, they are unsuitable to provide support for a sentence consistent with the punishments imposed in those cases.

    B.    The Experiences of the Victims in Mr. Lawton's Case are Not Extraordinary in the Context of Sex Trafficking Cases and Should Not Serve as the Basis for a Sentence Greater Than 180 Months

Mr. Lawton does not seek to discount or discredit the perspectives or experiences of the victims in this case, or question the pain and harm they suffered. Sex trafficking is a deplorable business, and the victims in this case did not deserve to be treated the way they were by him. Unfortunately the criminal conduct the victims describe in the instant case appears to be the norm in cases charging sex trafficking by force, fraud or coercion, and what they experienced is sadly not unique. This conclusion is demonstrated by the facts underlying the sex trafficking charges in the cases cited by the Government in its sentencing memorandum as well as the *Lankford* case discussed in Mr. Lawton's initial sentencing letter.

As Mr. Lawton noted in his sentencing letter, the defendant in *Oliver* sought out minor victims, introduced them to prostitution, held two of them hostage in his house and was convicted in state court of raping both of them. He physically assaulted those two women and another victim, made all of them have sex with his friends and retained all of the money they received for commercial sex acts. Finally, he had one of the victims tattooed with his nicknames. *See*, *"Baltimore Man Sentenced to 15 Years in Federal Prison for Sex Trafficking at Least Three Women; The Defendant Arranged for at Least One Woman to Have His Nicknames Tattooed on Her"* United States Attorney's Office, District of Maryland press release, 11/28/2022, p. 2.[2]  In *United States v. Lankford*, CCB-19-0371, the defendant participated in abducting a sex trafficking victim using a belt fastened around her neck, severely beat her and then exhibited her without clothing to potential customers.

The defendant in *Diaz-Martinez*, was charged with having 25 victims, and was alleged to routinely keep half or all of the money they earned earned working for him. *Diaz-Martinez*, ELH-19-0358, second superseding indictment, ECF Document 64, p. 2, ¶ 8. It was also alleged that he demanded that the victims engage in sex acts with him and retaliated by physically assaulting them if he was not satisfied with the experience. *Id.* at p. 3, ¶ 10. Finally the indictment charged that he withheld controlled substances from victims that were addicted to drugs if they did not earn sufficient money or violated rules the defendant created and retaliated against victims that violated rules or displeased him in a number of ways, including by abandoning them at customers' homes or stranding them on the side of the road without any belongings or a means of travel. *Id*. At 4, ¶¶ 19 and 20.

---

[2] https://www.justice.gov/usao-md/pr/baltimore-man-admits-sex-trafficking-least-three-women

*The Honorable Richard D. Bennett*
*United States v. Benjamin Lawton, RDB-22-0097*
*page 4*

The defendant in *Hart* engaged in similar behavior in regard to sex trafficking victims. According to the Government's sentencing memorandum in that case, he struck the women, exhibited a firearm and threatened to use it on them if they tried to leave. *See Hart*, PJM-17-0376, Government's Sentencing Memorandum, ECF document 176, p. 6. He also used the victims to distribute drugs. *Id*. Hart " controlled all aspects of the victims' lives – food, clothing and shelter as well as how much drugs they got – and created an atmosphere of violence and fear in those around him." *Id*. at 10. He "supplied narcotics, specifically a daily combination of heroin and cocaine to the victims and threatened to or did withhold narcotics, forcing the victims to suffer withdrawal if the victims displayed any sign of disobedience." *Id*. A witness testified at trial in regard to the sex trafficking victims that Hart, "hit them girls. He treated them like dirt." *Id*. at 22.

Mr. Lawton has admitted to engaging in conduct that harmed the victims in his case. The conduct alleged in *Oliver*, *Lankford, Diaz-Martinez* and *Hart* exceeded that behavior in many ways.[3] That does not excuse Mr. Lawton's actions, but it does place them in context. The victims' experience in the instant case are extremely troubling, but they do not justify a sentence that is greater than the 180-month sentence imposed in the *Oliver* case.

C.      Conclusion

For the reasons set forth in Mr. Lawton's Sentencing Letter, this Response to the Government's Sentencing Memorandum and for any other reasons developed at the hearing on sentencing, Mr. Lawton asks that Your Honor impose a sentence of 180 months in this case.

Should you have any questions in regard to this matter, please contact me.

Sincerely,

_____

Paul D. Hazlehurst, Esquire

cc:     Colleen E. McGuinn, AUSA
        Adam Smith, USPO

---

[3] It is also notable that two of the women named in the indictment as Victims Seven and Eight do not recount any violent conduct against them by Mr. Lawton.